# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

MICHAEL E. WHITLEY,

     Plaintiff,

v.                                   Case No. 3:25-cv-441-MMH-MCR

NASSAU COUNTY SHERIFF'S
OFFICE and BILL LEEPER in his
Official Capacity,

     Defendants.

_____

# <u>O R D E R</u>

    **THIS CAUSE** is before the Court <u>sua sponte</u>. Proceeding <u>pro se</u>, Plaintiff,

Michael E. Whitley, initiated this action in Florida state court on July 1, 2024.

<u>See</u> State Court Docket Sheet (Doc. 1-2) at 1. On April 13, 2025, Whitley filed

an amended complaint. <u>See</u> Notice of Filing Amended Statement of Claim (Doc.

5; Amended Complaint). Defendant, Bill Leeper in his Official Capacity,[1]

removed the action to this Court, contending the Court has jurisdiction under

---

[1] It appears that Whitley attempts to bring claims against both Leeper in his official capacity and the Nassau County Sheriff's Office. <u>See, e.g.</u>, Amended Complaint ¶¶ II.1–II.9. But Leeper is the Nassau County Sheriff. Accordingly, these two entities are really one legal entity, and the Court will refer to Leeper as the sole defendant in this action. <u>See McMillian v. Monroe Cnty.</u>, 520 U.S. 781, 785 n.2 (1997) ("We have explained that a suit against a governmental officer 'in his official capacity' is the same as a suit 'against [the] entity of which [the] officer is an agent[.]'" (quoting <u>Kentucky v. Graham</u>, 473 U.S. 159, 165 (1985)) (nested quotation marks and citation omitted) (alterations in original)).

28 U.S.C. § 1343(a)(3).[2] <u>See</u> Notice of Removal (Doc. 1; Notice), filed April 23, 2025.[3] On April 28, 2025, Whitley filed a motion to remand. <u>See</u> Notice of Filing Motion to Remand, Exhibits, and Proposed Order (Doc. 6; Motion to Remand). On April 30, 2025, Leeper filed a motion to dismiss. <u>See</u> Defendants' Motion to Dismiss Complaint (Doc. 8; Motion to Dismiss).[4]

Upon review of the Amended Complaint and the Motion to Remand, the Court finds the Amended Complaint to be deficient in several ways and, as such,

---

[2] 28 U.S.C. § 1343(a)(3) provides that district courts have original jurisdiction of any civil action brought "[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States[.]" 28 U.S.C. § 1343(a)(3). This jurisdictional language tracks the language of 42 U.S.C. § 1983, which provides a cause of action when a person acting under color of state law violates the plaintiff's constitutional rights. <u>See</u> 42 U.S.C. § 1983. But "[n]ow that the general federal-question statute, 28 U.S.C.[] § 1331, does not impose an amount-in-controversy requirement, § 1343(3)(a) is redundant of § 1331." 13D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3573 n. 18 (3d ed. Apr. 2025 Update). As such, both § 1331 and § 1343(a)(3) are appropriate bases of jurisdiction for § 1983 claims. <u>See</u> <u>Ortega v. Schramm</u>, 922 F.2d 684, 690 (11th Cir. 1991) (noting that "Congress authorized federal courts to hear section 1983 suits in section 1343(a)(3)").

[3] In the Notice, Leeper includes the State Court Docket Sheet but mistakenly includes only the most recent entries. <u>See</u> State Court Docket Sheet. Leeper will be directed to file a supplement to the Notice with the complete state court docket sheet.

[4] After Leeper filed his Motion to Dismiss, Whitley filed a Notice of Pending Motion to Remand, contending that the Court should rule on his Motion to Remand before ruling on Leeper's Motion to Dismiss. <u>See</u> Notice of Pending Motion to Remand (Doc. 9; Notice of Motion). It is unnecessary and improper to file a notice to alert the Court that there is a pending motion. The Court is aware of the state of the docket in this case. The proper way to request relief from the Court is by motion, and the proper way to make arguments directed at a pending motion to dismiss is by a response. <u>See</u> Fed. R. Civ. P. 7(b); Local Rule 3.01(b), Local Rules of the United States District Court for the Middle District of Florida (Local Rules(s)). As such, the Court finds that the Notice of Motion is due to be stricken.

it is due to be stricken. Because the primary deficiency in Whitley's Amended Complaint is that it fails to adequately identify the claims Whitley brings, the Court cannot determine whether remand is appropriate and will defer ruling on the Motion to Remand at this time. In the analysis that follows, the Court will discuss some of the problems with the Amended Complaint and will provide Whitley with the opportunity to file a second amended complaint consistent with the Federal Rules of Civil Procedure (Rule(s)). Whitley should carefully review this Order and consider utilizing the resources available for pro se litigants, cited below, before filing a second amended complaint. Failure to comply with the pleading requirements set forth in this Order may result in the dismissal of this action without further notice.

While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "conform to procedural rules." Riley v. Fairbanks Cap. Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[5] The Rules require that a

---

[5] All filings with the Court must be made in accordance with the requirements of the Rules and the Local Rules. The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available online and in state court law libraries.

In citing to Riley, the Court notes that "[a]lthough an unpublished opinion is not binding … , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished

complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). Rule 10 requires that, in a complaint, a plaintiff "state [his] claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). And, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count[.]" Id. Rules 8 and 10 work together "to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine

---

opinions are not considered binding precedent, but they may be cited as persuasive authority.").

that evidence which is relevant and that which is not." Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

Significantly, a complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleading. See generally Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015) (outlining four broad categories of impermissible shotgun pleadings). The Eleventh Circuit has unequivocally instructed that shotgun pleadings are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable." (collecting cases)). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." Weiland, 792 F.3d at 1321; see, e.g., id. at 1321 n.9 (collecting cases). Striking shotgun pleadings is more than just procedural formalism: as the court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. As such, when faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative and

force the plaintiff to replead to the extent possible under Rule 11. <u>See</u> <u>id.</u> (admonishing district court for not striking shotgun complaint on its own initiative); <u>see also</u> <u>Weiland</u>, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

The primary deficiency of the Amended Complaint is that Whitley fails to separate different claims for relief into separately numbered counts as required by Rule 10(b). <u>See generally</u> Amended Complaint. Due to this failure, Leeper has not been put on notice of the claims asserted against him and the Court cannot determine whether it has civil rights jurisdiction under 28 U.S.C. § 1343(a)(3) or federal question jurisdiction under 28 U.S.C. § 1331. <u>See</u> <u>Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.</u>, 77 F.3d 364, 366 (11th Cir. 1996) (explaining that a properly drawn complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading" (footnote omitted)). While Whitley does include separately numbered sections, these sections appear to correspond to perceived jurisdictional or procedural requirements and not to particular claims for relief. <u>See generally</u> Amended Complaint. Moreover, while Whitley

does number his paragraphs, the numbering restarts at the beginning of each new section, making it difficult to follow the Amended Complaint and refer to particular factual allegations. <u>See generally</u> <u>id.</u> In some places in the Amended Complaint, Whitley appears to be asserting a claim under 42 U.S.C. § 1983 for alleged violations of the due process clause of the Fourteenth Amendment based on Leeper's alleged failure to reimburse certain costs associated with a state criminal prosecution against Whitley that ended in a <u>nolle</u> <u>prosequi</u>. <u>See</u> <u>id.</u> ¶¶ I.1, II.8, IV.4; <u>see also</u> Motion to Remand ¶ 10 ("Plaintiff invokes the Fourteenth Amendment Due Process Clause and asserts claims potentially actionable under 42 U.S.C. § 1983. … These actions may be brought in state or federal court."). But elsewhere in his Amended Complaint, Whitley also cites cases addressing claims for false arrest and malicious prosecution, which are distinct from a § 1983 due process claim. <u>See</u> Amended Complaint ¶¶ I.8, II.6. In yet other places, Whitley seems to disclaim that he is bringing any federal claims at all and focuses instead on Florida tort law. <u>See</u> <u>id.</u> ¶¶ II.4, III.1–III.7; <u>see also</u> Motion to Remand ¶ 4 ("Plaintiff's claims arise solely under Florida law, and the parties are not diverse."). When Whitley drafts his second amended complaint, he must separate each claim for relief into a separately numbered count (for example, if he intends to assert a claim under § 1983 for a violation of the due process clause, a claim for wrongful arrest under state tort law, and

a claim for malicious prosecution under state tort law, he must state each of those claims in a separately numbered count specifically identifying which factual allegations support that claim). Whitley must clarify the legal basis of his claims so that the Court can determine whether he presents claims based on federal law.

Second, Whitley's Amended Complaint is a shotgun pleading. As relevant here, this improper style of pleading occurs when the plaintiff drafts a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Weiland, 792 F.3d at 1322. Whitley's manner of pleading is improper because he includes in the Amended Complaint a litany of conclusory legal statements unconnected to factual allegations or particular claims for relief. See generally Amended Complaint. Indeed, in most of Whitley's paragraphs, he does not plead factual material at all and instead simply provides citations to cases—sometimes with analysis of how those cases apply to his claims, but often with no reference to either the factual or legal basis of his claims. See, e.g., id. ¶ I.7 (explaining Whitley's view of the facts and holding of a case and stating, without explanation, that "[t]his precedent directly supports [his] claims in the present matter"). While a plaintiff through his complaint must put the defendant on notice of the general legal basis for each cause of action asserted, this can typically be accomplished

by simply separating different causes of action into different counts, as explained above. To the extent that legal citations are necessary to put the defendant on notice of the claims being asserted against him, those legal citations should be linked to particular factual allegations and claims for relief. Cluttering a complaint with pages of citations to legal authority is more confusing than clarifying, as both the Court and the defendant are left to sort through the complaint to identify the factual allegations. When drafting his second amended complaint, Whitley should reduce his use of legal citations and include only those necessary to put Leeper on notice of the claims being brought against him. See, e.g., Arrington v. Green, 757 F. App'x 796, 797–98 (11th Cir. 2018) (holding that a district court did not abuse its discretion in dismissing a complaint containing "scattered legal arguments, legal standards, legal conclusions, and even (incomplete) citations to legal authorities").

Importantly, when repleading with separate counts, Whitley also should take care to avoid drafting a complaint in which he adopts or incorporates the allegations of preceding counts, as this too constitutes a form of impermissible shotgun pleading. See Weiland, 792 F.3d at 1321 ("The most common type [of shotgun complaint] … is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive

count to carry all that came before and the last count to be a combination of the entire complaint.").

Because Whitley's Amended Complaint is an impermissible shotgun pleading, the Court will strike the filing and direct Whitley to file a second amended complaint. See Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460–61 (11th Cir. 2010) ("The district court has the inherent authority sua sponte to require the plaintiff to file a more definite statement.").[6] In accordance with Rules 8(a)(2) and 10(b), in his second amended complaint, Whitley must set forth separate causes of action in numbered counts and must provide "a short and plain statement" of his claims demonstrating both their legal basis and that he is entitled to relief, omitting unnecessary and conclusory material that makes it difficult for Leeper to determine the basis of the claims. See Fed. R. Civ. P. 8(a)(2); id. 10(b). Failure to comply with the Rules and this Order may result in dismissal of this action without further notice.[7]

---

[6] Because the Court is striking Whitley's Amended Complaint and sua sponte granting Whitley leave to amend, Leeper's Motion to Dismiss is due to be denied without prejudice as moot.

[7] In filing his Motion to Remand, Whitley violated at least three of the Court's Local Rules. By failing to include a certification that he conferred with the opposing party and indicating whether he opposed the relief requested, Whitley violated Local Rule 3.01(g). By including a proposed order in his Motion to Remand, Whitley violated Local Rule 3.01(j). He also failed to comply with the Court's typography requirements, including line spacing, typeface, and font size. See Local Rule 1.08. Whitley should ensure that his future filings comply with these and other applicable Local Rules.

Prior to filing his second amended complaint, the Court encourages Whitley to consider consulting with a legal aid organization that offers free legal services, such as Jacksonville Area Legal Aid (JALA). Alternatively, the Jacksonville Federal Court Bar Association operates a Legal Information Program. Through that program, <u>pro</u> <u>se</u> litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Whitley may call the Clerk's Office at (904) 549-1900 to request an appointment. More information about the program is available on the Court's website at www.flmd.uscourts.gov/legal-information-program.[8]

Accordingly, it is

**ORDERED:**

1. Michael E. Whitley's Notice of Filing Amended Statement of Claim (Doc. 5) is **STRICKEN**.

2. On or before **May 28, 2025**, Whitley shall file a Second Amended Complaint that complies with the Federal Rules of Civil Procedure and the directives of this Order.

---

[8] In preparing the second amended complaint and any future filings, the Court recommends that Whitley visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants Without Lawyers." In this section, there are many resources available to <u>pro</u> <u>se</u> parties, including a Handbook called "Guide for Proceeding Without a Lawyer." If Whitley does not have access to the internet, one free copy of the Handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.

3. On or before **May 14, 2025**, Defendant Bill Leeper in his Official Capacity shall file a supplement to his Notice of Removal that includes the complete state court docket sheet.

4. Leeper's Motion to Dismiss Complaint (Doc. 8) is **DENIED without prejudice**.

5. Whitley's Notice of Pending Motion to Remand (Doc. 9) is **STRICKEN**.

**DONE AND ORDERED** in Jacksonville, Florida, on May 5, 2025.


**MARCIA MORALES HOWARD**
United States District Judge


lc33


Copies to:

Counsel of record
Pro Se party