# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

MICHAEL E. WHITLEY,

    Plaintiff,

v.                                              Case No. 3:25-cv-441-MMH-MCR

BILL LEEPER in his Official
Capacity as Sheriff of Nassau
County, Florida,

    Defendant.

---

# **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff, Michael E. Whitley's, Renewed Motion to Remand to State Court (Doc. 20; Motion), filed May 16, 2025. Defendant, Bill Leeper in his official capacity as Sheriff of Nassau County, Florida, timely responded to the Motion. See Defendants' Response [to] Plaintiff's Renewed Motion to Remand to State Court (Doc. 25; Response), filed May 22, 2025.[1] Accordingly, this matter is ripe for review.

---

[1] On May 30, 2025, Whitley filed a Motion to Grant Unopposed Motion to Remand and Objection to Untimely Filing by Defendant (Doc. 28; Second Motion). In the Second Motion, Whitley contends that the Motion is unopposed and asks the Court to grant it. See generally id. Filing a motion to notify the Court that another motion is unopposed or to ask the Court to grant it is improper and clutters the docket. As such, the Second Motion is due to be stricken.

In a previous Order, the Court summarized the relevant procedural history:

> Leeper removed this action contending the Court had original jurisdiction over Whitley's civil rights claims under 28 U.S.C. § 1343(a)(3) and supplemental jurisdiction over his state law claims under 28 U.S.C. § 1367. See Notice of Removal (Doc. 1; Notice), filed April 23, 2025, at ¶¶ 2, 3. But in the Second Amended Complaint, Whitley brings only one claim, for "Reimbursement of Expenses Under Florida Law." See Second Amended Complaint ¶¶ 12–15.[2] He disclaims that he seeks relief under federal law. Id. ¶ 1. Because Whitley has clarified that he pursues only a state law claim and there is no apparent basis for the court to exercise original jurisdiction over that claim, the Court cannot discern any claim over which it has original jurisdiction. As such, the Court notes that supplemental jurisdiction is likely improper. See Royal Canin U. S. A., Inc. v. Wullschleger, 604 U.S. 22, 25–26 (2025) (holding that when an action is removed to federal court on federal question jurisdiction and the court exercises supplemental jurisdiction over related state law claims, the court must remand the action if a subsequent amendment to the complaint drops all federal claims).

See Order (Doc. 24), entered May 22, 2025, at 2–3. In the Response, Leeper acknowledges that Royal Canin controls and agrees "that this action should be remanded to state court … ." Response ¶¶ 3–4. But Leeper also contends that the Court should dismiss Whitley's prior-raised federal claims with prejudice before remanding the state claims. Id. ¶¶ 4–5. As an initial matter, the Court

---

[2] Whitley filed the Second Amended Complaint in response to the Court's Order (Doc. 10; Order to File an Amended Complaint), entered May 5, 2025. The Court entered the Order to File an Amended Complaint in part because, based on the operative complaint at the time of removal and the documents Leeper filed in support of removal, the Court could not determine whether the exercise of subject matter jurisdiction over this action was appropriate. See generally id.

notes that a request for affirmative relief, such as a request to dismiss claims, is not properly made when simply included in a response to a motion. See Fed. R. Civ. P. 7(b). Moreover, even if it were proper to include this request in the Response, the request is otherwise due to be denied for failure to comply with Rules 3.01(a) and 3.01(g) of the Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)). Local Rule 3.01(a) requires a memorandum of legal authority in support of a request from the Court. See Local Rule 3.01(a). Local Rule 3.01(g) requires certification that the moving party has conferred with opposing counsel in a good faith effort to resolve the issue raised by the motion and advising the Court whether opposing counsel agrees to the relief requested. See Local Rule 3.01(g).

Procedural defects aside, Leeper's request is also deficient because he cites no legal authority that supports the Court's exercise of jurisdiction over the extinguished federal claims. See Response ¶ 5 (citing two cases, neither of which discusses whether the Court may dismiss with prejudice federal claims that the plaintiff dismissed by amendment). As the Supreme Court reemphasized in Royal Canin, "[i]f a plaintiff amends h[is] complaint, the new pleading 'supersedes' the old one: The 'original pleading no longer performs any function in the case.'" Royal Canin, 604 U.S. at 35 (quoting 6 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1476 (3d ed. 2010)). In

other words, any federal claims Whitley originally brought are no longer before the Court and the Court cannot adjudicate them.[3]

Accordingly, it is

**ORDERED:**

1. Michael E. Whitley's Renewed Motion to Remand to State Court (Doc. 20) is **GRANTED**.

2. Michael E. Whitley's Motion to Grant Unopposed Motion to Remand and Objection to Untimely Filing by Defendant (Doc. 28) is **STRICKEN**.

3. The Clerk of the Court is directed to **remand** this case to the Circuit Court of the Fourth Judicial Circuit, in and for Nassau County, Florida, and to transmit a certified copy of this Order to the clerk of that Court.

---

[3] Leeper also filed a motion to dismiss Whitley's state law claims for failure to state a claim. See Defendant's Motion to Dismiss Second Amended Complaint (Doc. 26; Motion to Dismiss), filed May 30, 2025. Because this action is being remanded for lack of subject matter jurisdiction, the Court will deny the Motion to Dismiss as moot.

4. The Clerk of the Court is further directed to **close** the file and **terminate** any remaining motions and deadlines as moot.

**DONE AND ORDERED** in Jacksonville, Florida, this 3rd day of June, 2025.

*[Signature]*

**MARCIA MORALES HOWARD**
United States District Judge

lc33

Copies to:
Pro Se Party
Counsel of Record
Clerk, Fourth Judicial Circuit